**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Carol M. Graf and T. Alexander Beard, | ) | |
| | ) | |
| Plaintiffs, | ) | 2:06-cv-1045-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **ORDER** |
| Allstate Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the plaintiffs' motion for judgment on the pleadings and the defendant's motion for summary judgment.

Background

In 1996, the plaintiffs purchased a newly constructed stucco home in Mt. Pleasant, South Carolina. On August 15, 1996, while the home was still under construction, the plaintiffs purchased a Deluxe Plus Homeowners Policy, policy number 090343443 ("the policy") from the defendant Allstate Insurance Company ("Allstate"). The effective policy dates were November 14, 1996, to November 14, 1997.

The parties have stipulated that the builder improperly installed stucco siding on the plaintiffs' house causing moisture intrusion. In November 2005, the plaintiffs presented a claim for the moisture damage. Allstate denied the claim contending that there has been no sudden or accidental loss which the policy covers and that the policy excludes coverage. On May 10, 2006, the plaintiffs moved for judgment on the pleadings, claiming that the policy provides coverage and that none of the exclusions apply. On June 5, 2006, the defendant moved for

summary judgment. The defendant claims that damage did not occur during the policy period, that the policy does not provide coverage, and that the policy excludes coverage. The Court has had the benefit of oral argument, and this matter is ready for disposition.

Jurisdiction

Federal jurisdiction in this case is based upon the diversity of citizenship between the plaintiffs and defendant. Accordingly, the Court must apply South Carolina substantive law. Erie R.R. Co. v. Thompkins, 304 U.S. 64 (1938).

Standard of Review

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and shall be disposed of as provided in Rule 56." Fed. R. Civ. P. 12(c). The plaintiffs have filed affidavits in support of their motion for judgment on the pleadings. At oral argument the parties agreed that the plaintiffs' motion for judgment on the pleadings should be treated as a motion for summary judgment.

Summary judgment is appropriate when, after considering the full evidentiary record, there are no genuine issues of material fact. Red. R. Civ. P. 56. Summary judgment is proper only where the moving party is entitled to judgment as a matter of law, where it is clear what the truth is, and where no genuine issue remains for trial. Poller v. Columbia Broadcasting Sys., Inc., 368 U.S. 464 (1962). Evidence should be viewed in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Interpretation of Insurance Policies

Under South Carolina law the interpretation of an insurance policy is a matter of law. TCX, Inc. v. Commonwealth Land Title Ins. Co., 928 F.Supp. 618, 624 (D.S.C. 1995). "Insurance policies are subject to general rules of contract construction. Courts must enforce, not write, contracts of insurance, and their language must be given its plain, ordinary, and popular meaning." Sloan Constr. Co., Inc. v. Central Nat. Ins. Co. of Omaha, 236 S.E.2d 818, 819 (S.C. 1977). Insurance policy exclusions are most strongly construed against the insurance company, which bears the burden of establishing an exclusion's applicability. Owners Ins. Co. v. Clayton, 614 S.E.2d 611, 614 (S.C. 2005). However, if the parties' intent is clear, courts have no authority to torture the meaning of the policy language and extend coverage that was never intended by the parties. Sphere Drake Ins. Co. v. Litchfield, 438 S.E.2d 275 (S.C. Ct. App. 1983). "Where language used in an insurance contract is ambiguous, or is capable of two reasonable interpretations, that construction which is most favorable to the insured will be adopted." Edens v. S.C. Farm Bureau Mut. Ins. Co., 308 S.E.2d 670, 671 (S.C. 1983).

Damage During the Policy's Coverage Period

The policy provides coverage only for "losses which occur during the policy period" (Policy 5). The plaintiffs have stated that the damage manifested itself recently. Pls. Mem. Supp. Mot. J. Pleadings, 3. The defendant argues that because the damage manifested itself recently, the losses could not have occurred during the policy period. The plaintiff has rebutted the defendant's argument by setting forth an affidavit of Robert G. Sisroy, an engineer licensed in the state of South Carolina, who claims that in his opinion the damage commenced at the completion of construction of the residence in November of 1996. Because the plaintiffs allege that the damage manifested itself recently, it appears to the Court that a jury could conclude that

the loss did not occur within the policy period. Therefore, whether the damage occurred during the policy's coverage period is a genuine issue of material fact.

Coverage Under the Policy

The policy provides coverage for "sudden and accidental physical loss to the property" (Policy 7). The defendant claims that no sudden or accidental loss has occurred. The term "sudden" means "unexpected." Greenville County v. Ins. Reserve Fund, 443 S.E.2d 552, 553 (S.C. 1994). Whether damage is expected is determined from the standpoint of the insured. Boggs v. Aetna Cas. & Sur., 252 S.E.2d 565, 568 (S.C. 1979). Damage resulting from negligence may be unexpected even though foreseeability is an element of negligence. *See* Baker v. Amer Ins. Co. of Newark, 212 F. Supp. 353, 358 (D.S.C. 1963)("foreseeability does not deprive an occurrence of its accidental nature"). The record does not show that the plaintiffs expected or intended their home to suffer from moisture intrusion. Nor does the record show that the plaintiffs expected or intended that the builder would defectively install the stucco exterior on their home. Therefore, the damage to the plaintiffs' house was sudden.

The term "accidental" is afforded its ordinary meaning. Stevenson v. Conn. Gen. Life Ins. Co., 218 S.E.2d 427, 428-29 (S.C. 1975). An accident is a sudden event or change occurring without intent or volition through carelessness, unawareness, ignorance, or a combination of causes producing an unfortunate result. Id. The plaintiffs have experienced an unfortunate result of damage to their home because the builder's careless stucco installation caused moisture intrusion. The plaintiffs have suffered a sudden and accidental loss.

Exclusion of Coverage

The parties dispute the applicability of the following exclusion ("Exclusion 7"):

> Losses We Do Not Cover:
> We do not cover loss to the property described in the Dwelling Protection coverage resulting in any manner from:
> . . .
> 7. One or more of the items listed below, if that item is one of two or more causes of a loss and if the other cause(s) of the loss is (are) excluded by this policy:
>> a) Conduct, act, failure to act, or decision of any person, group, organization or governmental body, whether intentional, wrongful, negligent, or without fault.
>> b) Defect, weakness, inadequacy, fault, or unsoundness in:
>>> 1) planning, zoning, development, surveying, sitting, or
>>> 2) design, specifications, workmanship, construction, grading, compaction; or
>>> 3) materials used in construction or repair; or
>>> 4) maintenance
>>> of any property including but not limited to land, structures, or improvements of any kind, whether on or off the residence premises
>> c) Weather conditions, including, but not limited to heat, cold, rain, ice, snow, sleet, wind, hail, or drought.

It could be argued that Exclusion 7 excludes coverage only when another exclusion outside Exclusion 7 also caused the loss. However, such an interpretation renders Exclusion 7 unnecessary because the other exclusions in the policy stand alone to exclude coverage. "The meaning of a particular word or phrase is not determined by considering the word or phrase by itself, but by reading the policy as a whole and considering the context and subject matter of the insurance contract." Shulmeyer v. State Farm Fire and Cas. Co., 579 S.E.2d 132, 134 (S.C. 2003).

Exclusion 7 makes clear that there is no coverage for property losses in cases of multiple causes where all of the causes are excluded under the policy. Moreover, Exclusion 7 defines one class of excluded losses in terms of a cause, which even though it could be covered if it acted alone, is excluded because it combines with a cause of loss expressly excluded by the policy. Exclusion 7 therefore has the effect of excluding losses in multi-cause situations.

In this case, the builder improperly installed stucco siding on the plaintiffs' house thereby exposing the house to moisture and causing damage. Therefore, one cause of the plaintiffs' loss is Exclusion 7(b)(2): defect, weakness, inadequacy, fault or unsoundness in workmanship and construction.

Allstate attempts to exclude coverage by describing the builder's negligence as two causes of the plaintiffs' loss under Exclusions 7(a) and 7(b). The fact that Allstate has seen fit to describe the contractor's defective workmanship in two different ways does not create two different causes of the loss. Allstate cannot successfully argue that the same acts constitute separate causes of the plaintiffs' loss under the contract, and its attempt to do so creates an ambiguity. "Where language used in an insurance contract is ambiguous, or is capable of two reasonable interpretations, that construction which is most favorable to the insured will be adopted." Edens v. S.C. Farm Bureau Mut. Ins. Co., 308 S.E.2d 670, 671 (S.C. 1983). Consequently, Exclusion 7(a) and Exclusion 7(b) do not both apply to the builder's negligence and exclude coverage.

Next, Allstate claims that Exclusion 7(c) applies because weather conditions also caused the plaintiffs' loss. The only mention of weather in the record is the defendant's assertion that: "weather is . . . a necessary component to allow for the problem of moisture intrusion." Def.'s Mem. Supp. Mot. Summ. J., 7. Viewed in the light most favorable to the plaintiffs, Allstate's allegation is insufficient to establish as a matter of law that weather conditions as set forth in Exclusion 7(c) caused the plaintiffs' loss.

The parties also dispute whether the following provision excludes coverage for the plaintiffs' loss:

> In addition, we do not cover direct loss[1] resulting from any of the following:
> 13.  a) Wear and tear; aging; marring; scratching; deterioration; inherent vice; and latent defect.
> b) Mechanical breakdown.
> c) Rust; mold; wet or dry rot.
>  . . .
> f) Settling; cracking; shrinkage; bulging or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings.
> . . .
> If (a) through (g) cause the sudden and accidental escape of water from a plumbing, heating or air conditioning system or household appliance, we cover the loss caused by the water. Coverage includes the cost of tearing out and replacing any part of the residence premises necessary to repair the damages. This does not include loss to the defective system or appliance from which the water escaped.

Allstate claims that the plaintiffs' loss is "clearly the result of latent defects in the home." Def. Br. 7-8. The evidence shows that the builder's negligent construction caused moisture intrusion resulting in the plaintiffs' loss. Therefore, to conclude that a latent defect caused the plaintiffs' loss, the Court would have to interpret latent defect to mean negligent construction. "The meaning of a particular word or phrase is not determined by considering the word or phrase by itself, but by reading the policy as a whole and considering the context and subject matter of the insurance contract." Shulmeyer v. State Farm Fire and Cas. Co., 579 S.E.2d at 134. Because Exclusion 7 specifically addresses negligent construction, it is reasonable to conclude that Exclusion 13 does not readdress negligent construction as a latent defect. Another reasonable interpretation of "latent defect" is a hidden defect other than negligent construction. "Where language used in an insurance contract is ambiguous, or is capable of two reasonable

---

[1] The policy defines "direct loss" as a loss caused "by a peril named in the applicable provision of this policy if: a) the named peril or person engaging in the act described in the named peril has physical contact with the covered property; and b) the named peril is the last in time to occur when the loss is caused by more than one peril."

interpretations, that construction which is most favorable to the insured will be adopted." Edens v. S.C. Farm Bureau Mut. Ins. Co., 308 S.E.2d at 671.  Therefore, latent defect is a hidden defect other than negligent construction. Allstate has not carried its burden of establishing Exclusion 13's applicability.

As to the remaining provisions of Exclusion 13, Allstate claims that "[a]gain, given the Plaintiffs' allegations any of these items could apply to a defective stucco construction case." This allegation is insufficient to establish as a matter of law that exclusion 13 applies to exclude coverage.

The Court finds that the policy provides coverage for the sudden and accidental physical loss to the plaintiffs' house.  Whether the loss occurred during the policy period is a genuine issue of material fact.  Therefore, the plaintiffs' motion for judgment on the pleadings is denied. The defendant has failed to show that the policy excludes coverage.  Therefore, the defendant's motion for summary judgment is denied.

**AND IT IS SO ORDERED.**

*C. Weston Houck*

**C . WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

December 25, 2006
Charleston, South Carolina